UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Danny J. Maillette,**

Debtor(s)

Chapter 13

Case No. 12-20825

## ORDER ALLOWING AND DISALLOWING CLAIMS AND MODIFYING PLAN

This matter came before the Court on the motion filed by the Debtor or Debtors (hereafter, the "Debtor"). After notice and hearing or opportunity for hearing, and for good cause shown, it is hereby ORDERED:

**I. ALLOWANCE OF CLAIMS.** The following claims are allowed pursuant to 11 U.S.C. § 502 as follows.

    **A. Administrative Expense Claims.** The trustee's fees as provided by 28 U.S.C. § 586 shall be paid concurrently with distribution on other claims. Other administrative expense claims are allowed as follows, and the confirmed plan is modified only as necessary to provide for such claims.

        1. Trustee statutory fee (calculated at 10% of plan total):      $2,455.00

        2. Total Debtor's attorney fees and expenses allowed to date through plan:      $1,281.00

        3. Administrative expense reserve:      $7,147.42

        4. Other:      $0.00

    **B. Secured Claims Paid Directly By Debtor or Third Parties.** The following secured claims shall be paid directly by the Debtor or a third party pursuant to the existing contract(s). The lien securing each such claim shall not be impaired. Each claim to be paid by the Debtor shall not be discharged pursuant to 11 U.S.C. § 1328 unless (i) the Debtor surrenders the collateral during the term of the plan, (ii) the Court orders the return of the collateral to the creditor, or (iii) the Court grants relief from the automatic stay authorizing the creditor to enforce its state-law interests against the collateral. If any portion of such secured claim has been or shall be paid by the trustee (e.g., to cure prepetition arrears), then such portion is allowed elsewhere in this order.

| Claim # | Creditor | Collateral | Details |
|---|---|---|---|
| 3 | Christiana Trust A Division of Wilmington Savings | Residence | Paid directly by Debtor pursuant to the terms of the loan as the same may change from time to time. |
|  |  |  |  |

**C. Secured Claims Paid By Trustee From Debtor's Funds.** The following secured claims are hereby allowed and have been or shall be paid by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each secured creditor.

| Claim # | Creditor | Collateral | Allowed Claim or Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| 3 | Christiana Trust A Division of Wilmington Savings | Residence | $64,213.62 | 0 | Debtor has obtained a loan modification with claimant. All prepetition defaults and arrears have been cured pursuant to the loan modification. |
| 1 | IRS | Residence | $4,664.28 | $49.84 | $269.50 mos. 3-20 |

**D. Cure of Executory Contracts and Unexpired Leases.** Monetary defaults on the following executory contracts and unexpired leases will be cured as follows by payments by the trustee from funds paid by the Debtor. The confirmed plan is modified only as necessary to provide for payment by the trustee as set forth below to cure each executory contract and/or unexpired lease.

| Claim # | Creditor / Lessor | Property | Allowed Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**E. Priority Claims.** The following priority unsecured claims shall be paid as follows by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each priority creditor.

| Claim # | Priority Creditor | Description of Claim | Allowed Claim |
|---|---|---|---|
| | | | |
| | | | |

**F. General Unsecured Claims.** The following unsecured claims not entitled to priority status are hereby allowed. Treatment of such claims, including provisions for Small Claims and other classes of general unsecured claims, is set forth in the confirmed plan, which is hereby modified as set forth below. The trustee shall pay such claims accordingly.

Special Classes:  None.

The sum of at least $9,650.58 shall be available for payment to allowed Class One and Class Two (Small) Claims, plus any unused portion of the administrative expense reserve.

| Claim # | General Unsecured Creditor | Allowed Claim |
|---|---|---|
| 2 | Palisades Acquisition XVI, LLC | $8,815.58 |
|  |  |  |

**II. RESOLUTION OF OBJECTIONS TO CLAIMS.** The Debtor's objections to claims, if any, are resolved as follows:

| Claim # | Creditor | Disposition |
|---|---|---|
|  |  |  |
|  |  |  |

**III. MODIFICATION OF CONFIRMED PLAN.** The Debtor's plan is hereby modified pursuant to 11 U.S.C. § 1329 and the prior order confirming the plan is hereby amended as follows:

   A.  As of ___, the Debtor has paid **$**___ to the trustee.  Commencing on or before ___, the Debtor shall pay the sum of **$**___ per month for ___ **months**.  The modified plan will be ___ months long.

   B.  The Debtor shall also pay the following sum(s) to the trustee: **None.**

   C.  The total to be paid to the trustee pursuant to the modified plan is **$**____.  In addition, the Debtor shall pay to the trustee as additional plan contributions all state and federal tax refunds in excess of $1,200.00 per year, per Debtor.

   D.  If the plan was confirmed on an interim basis, final confirmation of the plan, as modified, is hereby granted.

**IV. SUMMARY.**

| A. Total to be paid to trustee (not including excess tax refunds) | $24,550.00 |
|---|---|
| B. Distributions under modified plan |  |
| 1. Trustee Statutory Fees | $ 2,455.00 |
| 2. Attorney fees and expenses allowed through plan to date | $ 1,281.00 |
| 3. Administrative expense reserve | $ 7,284.30 |
| 4. Secured claims including interest | $ 4,714.12 |
| 5. Unexpired leases and executory contracts including interest | $0.00 |
| 6. Priority claims | $0.00 |
| 7. General unsecured claims: Class One and Class Two (minimum combined dividend) | $ 8,815.58 |
| 8. General unsecured claims: Special Classes | $0.00 |
| 9. Other (describe) | $0.00 |

|  |  |
|---|---|
| Total Distributions: | $24,550.00 |
| C. Excess tax refunds due to plan (to date) | $0.00 |

**V. OTHER.**


Date: _____      _____
Judge, United States Bankruptcy Court
District of Maine